**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PABLO CEBALLOS,

   *Petitioner*,

vs.

BRIAN WILLIAMS, *et al.*,

   *Respondents*.

2:07-cv-01023-RCJ-PAL

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review of the petition (#13) under Rule 4 of the Rules Governing Proceedings under Section 2254, as well as on petitioner's motion (#9) for appointment of counsel and his motions (## 14 & 15) to file supplemental exhibits. The filing fee has been paid.

Following initial review, it appears on the available record that Grounds 1 through 4 of the petition were not fairly presented to and considered by the Supreme Court of Nevada. Petitioner therefore will be directed to show cause in writing why the petition or claims therein should not be dismissed without prejudice for lack of exhaustion.

### *Preliminary Matters*

The two motions (## 14 & 15) for supplemental exhibits will be granted. The Court had ordered the petitioner to file the supplemental exhibits in question, and it was not necessary for petitioner to file motions to file the exhibits.

On the motion for counsel, the Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See,e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), *cert. denied*, 481 U.S. 1023 (1987); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965), *cert. denied*, 382 U.S. 996 (1966). Having reviewed the petition, the request for counsel, and the remaining papers on file, the Court finds that the interests of justice do not require that counsel be appointed. The motion therefore will be denied.

### ***Show Cause as to Exhaustion***

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003). The exhaustion requirement accordingly insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See,e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

In the present case, it does not appear that Grounds 1 through 4 were exhausted.

In federal Ground 1, petitioner alleges that he was denied effective assistance of counsel in violation of the Sixth Amendment when his trial counsel continued his case several times without his consent, manipulated him into rejecting a State offer to plea bargain the case to a misdemeanor conviction, and failed to move to dismiss the case for lack of jurisdiction and/or a due process violation. Petitioner presented this claim to the state district court in his *pro se* state post-conviction petition (filed with #14). However, it does not appear that this claim was pursued on the state post-conviction appeal to the Supreme Court of Nevada. Post-conviction counsel was appointed for petitioner in the state district court, and the federal petition reflects that appointed counsel pursued the state post-conviction appeal. It does not appear from the Nevada Supreme Court's April 26, 2007, order of affirmance (filed with #15) that a claim corresponding to Ground 1 was presented to the state high court on the post-conviction appeal. Petitioner accordingly must establish that Ground 1 was presented to the Supreme Court of Nevada on the post-conviction appeal, and he must attach copies of the filings specifically showing that the claim was exhausted in the state high court.

In federal Ground 2, petitioner alleges that he was denied a fair trial by an impartial jury of his peers in violation of the Sixth Amendment because, *inter alia*, he was tried before a prejudicial jury and several defense witnesses did not testify. Petitioner concedes in the federal petition that post-conviction counsel did not pursue this claim on the post-conviction appeal to the Supreme Court of Nevada. #13, at 6. Petitioner accordingly must show cause why the federal petition is not subject to dismissal for lack of complete exhaustion because Ground 2 was not presented to the Supreme Court of Nevada.

In federal Ground 3, although petitioner invokes constitutional due process and equal protection guarantees, he alleges, similar to Ground 1, that he was denied effective assistance of counsel when trial counsel continued the preliminary hearing multiple times without his consent and persuaded petitioner to not accept a State offer to plea bargain the case to a misdemeanor conviction. Petitioner concedes in the federal petition that post-conviction counsel did not pursue this claim on the post-conviction appeal to the Supreme Court of Nevada. #13, at 8. Petitioner accordingly must show cause why the federal petition

1 is not subject to dismissal for lack of complete exhaustion because Ground 3 was not
2 presented to the Supreme Court of Nevada.

3       In federal Ground 4, petitioner alleges that he was subjected to cruel and unusual
4 punishment in violation of the Eighth Amendment because the habitual criminal adjudication
5 was not submitted to the jury. To fairly exhaust a claim, the petitioner must present *both* the
6 operative facts and the federal legal theory upon which the claim is based. *E.g., Kelly, supra.*
7 With regard to Ground 4, petitioner presented a claim similar to federal Ground 4 in the state
8 post-conviction petition in state Ground 4. However, he did not present a claim to the
9 Supreme Court of Nevada that was based both on the operative facts of the failure to submit
10 the habitual criminal adjudication to the jury and a legal theory based upon the Eighth
11 Amendment. Petitioner presented an Eighth Amendment legal theory on direct appeal, but
12 he did so only in conjunction with a factual allegation that the state district court abused its
13 discretion in sentencing petitioner as a habitual criminal because his prior convictions were
14 for non-violent property crimes. See December 23, 2003, Order of Affirmance, at 3 (filed with
15 #14). State post-conviction counsel presented the operative facts of the failure to present the
16 habitual criminal adjudication to the jury on the state post-conviction appeal. However, he did
17 so in conjunction with an *Apprendi*[1] claim, not in conjunction with an Eighth Amendment legal
18 theory.[2] In sum, petitioner never presented a claim to the Supreme Court of Nevada that was
19 based both on the failure to present the habitual criminal adjudication to the jury and an
20 Eighth Amendment legal theory. Petitioner therefore must show cause why the federal
21 petition is not subject to dismissal for lack of complete exhaustion because Ground 4, as
22 alleged, was not presented to the Supreme Court of Nevada.[3]

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

[2] *Apprendi* is premised upon the right to a trial by jury and the right to have every element of an offense proved beyond a reasonable doubt, not upon a violation of Eighth Amendment protections against cruel and unusual punishment. See 430 U.S. at 477 n.3, 120 S.Ct. At 2355 n.3.

[3] In federal Ground 5, petitioner presents an *Apprendi* claim based upon the failure to submit the
(continued...)

IT THEREFORE IS ORDERED that petitioner's motion (#9) for appointment of counsel is DENIED.

IT FURTHER IS ORDERED that petitioner's motions (## 14 & 15) to file supplemental exhibits both are GRANTED.

IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order, petitioner shall SHOW CAUSE in writing why the petition should not be dismissed without prejudice for lack of complete exhaustion as to all claims, because Grounds 1 through 4 were not fairly presented to the Supreme Court of Nevada.

IT FURTHER IS ORDERED that, if petitioner contends that Grounds 1 through 4 were fairly presented to the Supreme Court of Nevada, he shall attach copies of the papers filed in the Supreme Court of Nevada that show that the claims were presented to that court.

If petitioner does not timely respond fully to this order, the entire petition will be dismissed without prejudice.

If petitioner responds to this order but fails to demonstrate, with supporting papers, that the exhaustion requirement has been satisfied, the entire petition will be dismissed without prejudice for lack of exhaustion unless petitioner, in response to a subsequent order of the Court, dismisses the unexhausted claim or seeks other appropriate relief.

DATED:     January 9, 2008

_____
ROBERT C. JONES
United States District Judge

(GK-P3)

---

[3](...continued)
habitual criminal adjudication to the jury. This related but distinct claim appears to be exhausted, although it was found by the Supreme Court of Nevada to be procedurally defaulted because the claim was not raised on direct appeal. See April 26, 2007, Order of Affirmance (filed with #15), at 3 n.6. The Court does not reach any procedural default issue as to Ground 5 at this time. At present, the Court addresses only the lack of exhaustion of the Eighth Amendment claim presented in Ground 4, as opposed to the *Apprendi* claim in Ground 5.