# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PABLO CEBALLOS,

    Petitioner,

vs.

BRIAN WILLIAMS, *et al.*,

    Respondents.

2:07-cv-01023-GMN-PAL

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on its *sua sponte* inquiry into whether the petition is subject to dismissal because Ground 4 is not exhausted, following upon the petitioner's response (#30) to the Court's show cause order (#24).

### *Background*

Petitioner Pablo Ceballos challenges his 2003 Nevada state conviction, pursuant to a jury verdict, of one count of burglary and one count of uttering a forged instrument as well as his adjudication by the state district court as a habitual criminal. Prior to filing the present federal habeas petition, petitioner challenged the conviction and/or habitual criminal adjudication on direct appeal and in a state post-conviction petition that was pursued through a state post-conviction appeal.

In the federal petition, petitioner presented five grounds. Grounds 1 through 4 in the federal petition were not exhausted in the first state post-conviction proceedings. It appears that corresponding claims were raised initially in the state post-conviction petition in the state

1 district court. However, it is undisputed that the claims were not presented to the Supreme
2 Court of Nevada on the appeal from the denial of the first state post-conviction petition. This
3 Court granted petitioner's motion for a stay of the federal proceedings to return to state court
4 to seek to exhaust the claims.[1]

5    Petitioner thereafter filed a second state post-conviction petition. The state district
6 court denied the petition, and the state supreme court affirmed on appeal.

7    The claims in federal Ground 4 were not presented to the state courts in the second
8 state petition.

9    In federal Ground 4, petitioner alleges that he was subjected to cruel and unusual
10 punishment in violation of the Eighth Amendment because the habitual criminal adjudication
11 was not submitted to the jury.

12    In contrast, in state Ground 4 in the second state petition, petitioner alleged that he
13 was subjected to cruel and unusual punishment in violation of the Eighth Amendment without
14 making any allegation that the failure to submit the habitual criminal adjudication to a jury
15 gave rise to the alleged violation.[2]

### *Governing Exhaustion Law*

17    Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court
18 remedies on a claim before presenting that claim to the federal courts. To satisfy this
19 exhaustion requirement, the claim must have been fairly presented to the state courts
20 completely through to the highest court available, in this case the Supreme Court of Nevada.
21 *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329
22 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific
23 federal constitutional guarantee and must also state the facts that entitle the petitioner to relief
24 on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir.
25 2000). That is, fair presentation requires that the petitioner present the state courts with both

---

[1] See #16, at 3-4; ## 17-19.

[2] See Supplemental Memorandum, at 8 (#22, at electronic docketing pages 22 & 32).

1  the operative facts and the federal legal theory upon which his claim is based. *E.g., Castillo
2  v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the
3  state courts, as a matter of federal-state comity, will have the first opportunity to pass upon
4  and correct alleged violations of federal constitutional guarantees. *See,e.g., Coleman v.
5  Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

6  Under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a mixed
7  petition presenting both exhausted and unexhausted claims must be dismissed without
8  prejudice unless the petitioner dismisses the unexhausted claims or seeks other appropriate
9  relief.

### *Discussion*

11  Petitioner asserts in the show-cause response, without any citation to the state court
12  record, that he presented both the operative facts and the federal legal theory upon which
13  federal Ground 4 is based in his second state petition during the stay. Petitioner's assertion
14  is belied rather than supported by the state court record.   In state Ground 4 in the second
15  state petition, petitioner alleged that he was subjected to cruel and unusual punishment in
16  violation of the Eighth Amendment without making any allegation that the failure to submit the
17  habitual criminal adjudication to a jury gave rise to the alleged Eighth Amendment violation.
18  He instead challenged the factual underpinnings of the habitual criminal adjudication and the
19  proportionality of the sentence to the crime, without referring to a failure to submit the issue
20  to a jury.[3]   Ground 4 therefore is not exhausted.[4]

21  IT THEREFORE IS ORDERED, considering the foregoing, that the Court holds that
22  Ground 4 is not exhausted.

---

[3] See Supplemental Memorandum, at 8 (#22, at electronic docketing pages 22 & 32).

[4] Federal Ground 4 in any event is without merit. Any claim under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), based upon the Nevada habitual criminal adjudication not being submitted to a jury is without merit. *See Tilcock v. Budge*, 538 F.3d 1138, 1143-45 (9th Cir. 2008), *cert. denied*, ___ U.S. ___, 129 S.Ct. 926, 173 L.Ed.2d 132 (2009). Such a claim of *Apprendi* error further does not arise under the Eighth Amendment, which provides no greater protection in this context than do the Sixth and Fourteenth Amendments, which provide the constitutional underpinnings for the *Apprendi* decision. *See* 530 U.S. at 476-777, 120 S.Ct. at 2355-56.

IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from entry of this order within which to mail to the Clerk of Court for filing either a motion for dismissal without prejudice of the entire petition, for partial dismissal only of Ground 4, and/or for other appropriate relief.

The entire petition will be dismissed without further advance notice for lack of complete exhaustion if an appropriate motion is not timely mailed to the Clerk for filing.

DATED: June 30, 2010.

_____
GLORIA M. NAVARRO
United States District Judge