# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PABLO CEBALLOS,

    *Petitioner*,

vs.

BRIAN WILLIAMS, *et al.*,

    *Respondents*.

2:07-cv-01023-GMN-PAL

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's second motion (#35) for appointment of counsel.

The Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See,e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965).

In the present case, petitioner contends that the interests of justice require that counsel be appointed before he responds to the pending show cause order (#34) because the issues are complex, he is a layman ignorant of the law, the inmate who allegedly helped him

previously no longer is at the institution, and the inmate law clerks at the institution will not help him unless he pays for their services. Petitioner further refers to a circumstance where this matter previously was dismissed because petitioner failed to respond to this order and the matter thereafter was reopened after he maintained that he did not receive the order.

The Court finds once again that the interests of justice do not require the appointment of counsel in this matter. See #16 (denial of prior motion). Neither the underlying claims nor the issues presented on the pending order to show cause are unusually complex. Petitioners generally proceed *pro se* in federal habeas matters, and petitioner's lay status in and of itself does not require the appointment of counsel. The release or transfer of a prior inmate assistant also does not require the appointment of counsel, as a petitioner can utilize the legal resources available at the institution to pursue the matter himself. That is, the mere fact that petitioner cannot obtain inmate law clerk assistance does not automatically require that petitioner then have counsel appointed as a substitute for an inmate law clerk. The issues in this case, again, are not so complex as to require the appointment of counsel for a response to the show cause order. Finally, the fact that petitioner may not have received a prior order does not provide a basis for appointment of counsel. Petitioner indisputably has received a copy of the present show cause order.

IT THEREFORE IS ORDERED that petitioner's motion (#35) for appointment of counsel is DENIED.

IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from entry of this order to respond to the prior show cause order (#34). If petitioner does not timely respond to the show cause order, all remaining grounds in the petition will be dismissed with prejudice.

DATED this   21st   day of September, 2010

_____
Gloria M. Navarro
United States District Judge