1

2

3

4

5              **UNITED STATES DISTRICT COURT**

6                   **DISTRICT OF NEVADA**

7

8    PABLO CEBALLOS,

         *Petitioner*,                    2:07-cv-01023-GMN-PAL

9
     vs.                                   ORDER
10

11   BRIAN WILLIAMS, *et al.*,

12       *Respondents.*

13

14          This habeas matter under 28 U.S.C. § 2254 comes before the Court on a *sua sponte*

15   inquiry into whether the remaining grounds in the petition – Grounds 1, 2, 3 and 5 – are

16   barred by procedural default and/or on the merits as to Ground 5.  The matter also is before

17   the Court on petitioner's response to the show cause order (#34) on these issues, which he

18   has submitted as a motion (#37) to show cause; his motion (#39) to receive free copies; and

19   his application (#40) to proceed *in forma pauperis*.

20                              ***Background***

21          Petitioner Pablo Ceballos challenges his 2003 Nevada state conviction, pursuant to

22   a jury verdict, of one count of burglary and one count of uttering a forged instrument as well

23   as his adjudication by the state district court as a habitual criminal.  Prior to filing the present

24   federal habeas petition in 2007, petitioner challenged the conviction and/or habitual criminal

25   adjudication on direct appeal and in a state post-conviction petition that was pursued through

26   a state post-conviction appeal.

27          In the federal petition, petitioner presented five grounds.  Grounds 1 through 4 in the

28   federal petition were not exhausted in the first state post-conviction proceedings.  It appears

1   that corresponding claims were raised initially in the state post-conviction petition in the state

2   district court.  However, it is undisputed that the claims were not presented to the Supreme

3   Court of Nevada on the appeal from the denial of the first state post-conviction petition.  This

4   Court granted petitioner's motion for a stay of the federal proceedings in 2008, and he

5   returned to state court to seek to exhaust the claims.[1]

6       Petitioner thereafter filed a second state post-conviction petition asserting, *inter alia,*

7   claims corresponding to federal Grounds 1 through 3.[2]  The Supreme Court of Nevada held

8   that these claims were procedurally barred under Nevada state law because the second

9   petition was both untimely and successive.  The state supreme court held, *inter alia*, that

10  petitioner's failure to exhaust state remedies for purposes of federal habeas relief did not

11  present good cause for filing "a late and successive petition raising the same claims

12  abandoned in the first post-conviction proceedings."  The state high court further held that an

13  allegation of alleged ineffective assistance of post-conviction counsel based upon counsel's

14  failure to pursue the claims on the first state post-conviction appeal did not present cause.[3]

15      The state court record materials further reflect the following with regard to the claims

16  in federal Ground 5.  In this ground, petitioner presents an *Apprendi*[4] claim based upon the

17  failure to submit the habitual criminal adjudication to the jury.  When petitioner presented a

18  corresponding substantive claim in his first state post-conviction petition, the Supreme Court

19  of Nevada held that the claim was procedurally barred because the claim could have been

20  raised on direct appeal but was not.[5]  The state high court further held in the same order that

21  petitioner's appellate counsel had not been ineffective for failing to raise the substantive claim

[1] See #16, at 3-4; ## 17-19.

[2] The remaining state law ground presented in the second state petition failed to exhaust Ground 4, which has been voluntarily dismissed by petitioner.  See #34.

[3] See September 29, 2009, Order of Affirmance, at 2-3 (filed with #22-1, at electronic docketing pages 37-40).

[4] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

[5] See April 26, 2007, Order of Affirmance (filed with #15), at 3 n.6.

1   on direct appeal because the substantive claim did not have a reasonable probability of

2   success on appeal.  The court reached this conclusion because of its holding in a prior case

3   that the habitual criminal adjudication was not required to be submitted to the jury under

4   *Apprendi* and its progeny.  *Id.*, at 2-3.

### *Governing Law*

6        Under the procedural default doctrine, federal review of a habeas claim may be barred

7   if the state courts rejected the claim on an independent and adequate state law ground due

8   to a procedural default by the petitioner.  Review of a defaulted claim will be barred even if

9   the state court also rejected the claim on the merits in the same decision.  Federal habeas

10  review will be barred unless the petitioner can demonstrate either: (a) cause for the

11  procedural default and actual prejudice from the alleged violation of federal law; or (b) that

12  a fundamental miscarriage of justice will result in the absence of review.  *See,e.g., Bennet v.*

13  *Mueller*, 322 F.3d 573, 580 (9th Cir. 2003).

14       To demonstrate cause for a procedural default, the petitioner must establish that some

15  external and objective factor impeded his efforts to comply with the state's procedural rule.

16  *E.g., Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)*;*

17  *Hivala v. Wood*, 195 F.3d 1098, 1105 (9th Cir. 1999).  To satisfy the prejudice requirement,

18  he must show that the alleged error resulted in actual harm.  *E.g., Vickers v. Stewart*, 144

19  F.3d 613, 617 (9th Cir. 1998).   Both cause and prejudice must be established.  *Murray*, 477

20  U.S. at 494, 106 S.Ct. at 2649.

21       A petitioner who cannot show cause and prejudice still may obtain review of his

22  defaulted claims if he can demonstrate that the failure to consider the claims would result in

23  a fundamental miscarriage of justice.  In noncapital cases, however, this exception has been

24  recognized only for petitioners who can demonstrate actual innocence.  *E.g., Poland v.*

25  *Stewart*, 117 F.3d 1094, 1106 (9th Cir. 1997).  In order to satisfy this actual innocence

26  gateway, a petitioner must come forward with new reliable evidence that was not presented

27  at the trial that, together with the evidence adduced at trial, demonstrates that it is more likely

28  than not that no reasonable juror would have found the petitioner guilty beyond a reasonable

doubt. *See,e.g., Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *see also Griffin v. Johnson*, 350 F.3d 956, 961-63 (9th Cir. 2003), *cert. denied*, 124 S.Ct. 2039 (2004).  In this regard, "actual innocence" means actual factual innocence, not mere legal insufficiency. *See,e.g., Sawyer v. Whitley,* 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-19, 120 L.Ed.2d 269 (1992).

### *Discussion*

### *Procedural Default of Grounds 1, 2 and 3*

Grounds 1, 2 and 3 were not presented to the state supreme court on the appeal from the denial of the first state post-conviction petition.  These claims were exhausted in the second state petition.  The state supreme court affirmed the dismissal of the second petition on the basis that the second petition was both untimely and successive under Nevada state law.

Petitioner in essence seeks to establish cause and prejudice overcoming the procedural default of these claims based upon alleged ineffective assistance of state post-conviction counsel.  He maintains that state post-conviction counsel failed to himself "set" these claims for an evidentiary hearing and failed to pursue the claims thereafter on the first state post-conviction appeal.[6]  Alleged ineffective assistance of state post-conviction counsel does not provide a basis for cause to overcome a procedural default, because a petitioner has no Sixth Amendment right to state post-conviction counsel. *See,e.g., Cook v. Schriro*, 538 F.3d 1000, 1027-28 (9th Cir. 2008).

Petitioner further urges that a "miscarriage of justice" will result in the absence of review of a claim that he was denied effective assistance of counsel when trial counsel allowed a favorable plea bargain "slip away" in advance of his trial without consulting him.[7]  It is established law that the miscarriage of justice exception to the procedural default doctrine

---

[6]Cf. April 26, 2007, Order of Affirmance (filed with #15)(claims presented on post-conviction appeal).

[7]Such a claim potentially corresponds to claims in Grounds 1 and 3, but the Court expresses no definitive opinion as to whether the factual assertions in the show cause response actually present the same factual basis as the claims in Grounds 1 and 3.  Compare #37 , at 5-6, with #16, at 3.

1  is limited to claims of actual innocence.  *See,e.g., Johnson v. Knowles*, 541 F.3d 933 (9th Cir.

2  2008); *Poland*, 117 F.3d at 1106.  A petitioner who asserts only procedural violations without

3  establishing actual innocence under the narrow and demanding *Schlup* gateway for such a

4  claim fails to meet the standard for the miscarriage of justice exception.  *Johnson*, 541 F.3d

5  at 937.  Petitioner's argument – in which he implicitly concedes guilt at the very least as to

6  lesser associated charges and does not affirmatively challenge guilt as to any charge – falls

7  considerably short of even beginning to shoulder his burden of demonstrating a fundamental

8  miscarriage of justice for purposes of the procedural default doctrine.[8]

9          Petitioner further refers to the fact that the Court found that he had presented good

10  cause for the failure to exhaust Grounds 1 through 3 when it granted his motion for a stay and

11  abeyance.  The Court specifically stated as follows, however:

12                  The Court expresses no opinion as to whether the
        circumstances presented satisfy the cause and prejudice
13      standard with respect to any claim of procedural default.  The
        Court's holding herein should not be read as an express or
14      implied holding on this issue or any other issue.  The Court holds
        only, out of an abundance of caution, that the criteria for a stay
15      under *Rhines [v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161
        L.Ed.2d 440 (2005),] have been satisfied, and its findings and
16      holding are expressly limited to that specific context.

17  #19, at 2, lines 1-6.

18          Nothing in the prior stay order resolves the procedural default issues now before the

19  Court.

20          Grounds 1, 2 and 3 accordingly are procedurally defaulted.

21

22          [8]The show cause order set forth the standard for demonstrating a fundamental miscarriage of justice,

23  #34, at 3-4; and the order further provided, *inter alia:*

24                  . . . . If petitioner responds but fails to demonstrate, with competent
        supporting evidence, that the grounds in the petition are not subject to
25      dismissal, the claims in the petition will be dismissed on the basis of
        procedural default and/or on the merits as applicable.  All assertions of fact
26      must be supported by competent evidence.  Any assertions of fact not made
        pursuant to an affidavit, declaration under penalty of perjury, or other
27      competent and admissible evidence will not be considered.

28  #34, at 5.

1   ***Procedural Default of Ground 5***

2         As summarized previously, in federal Ground 5, petitioner presents an *Apprendi* claim

3   based upon the failure to submit the habitual criminal adjudication to the jury.  When petitioner

4   presented a corresponding substantive claim in his first state post-conviction petition, the

5   Supreme Court of Nevada held that the claim was procedurally barred because the claim

6   could have been raised on direct appeal but was not.[9] The state high court further held in the

7   same order that petitioner's appellate counsel had not been ineffective for failing to raise the

8   substantive claim on direct appeal because the substantive claim did not have a reasonable

9   probability of success on appeal.  The court reached this conclusion because of its holding

10  in a prior case that the habitual criminal adjudication was not required to be submitted to the

11  jury under *Apprendi* and its progeny.[10]

12        A habeas petitioner may establish cause and prejudice based upon alleged ineffective

13  assistance of appellate counsel in failing to raise a claim on direct appeal in the original

14  criminal proceedings.  *See,e.g., Cockett v. Ray*, 333 F.3d 938, 943-44 (9th Cir. 2003).

15  Petitioner clearly cannot establish ineffective assistance of appellate counsel based upon

16  counsel's failure to raise the *Apprendi* issue on direct appeal because the failure to raise a

17  meritless argument does not constitute ineffective assistance.  *See,e.g., Jones v. Smith*, 231

18  F.3d 1227, 1239 n. 8 (9th Cir.2000)(no prejudice when appellate counsel fails to raise an

19  issue on direct appeal that is not grounds for reversal); *Miller v. Keeney*, 882 F.2d 1428, 1434

20  (9th Cir.1989)(appellate counsel remains above objective standard of competence and does

21  not cause client prejudice when counsel declines to raise a weak issue on appeal); *Boag v.*

22  *Raines*, 769 F.2d 1341, 1344 (9th Cir.1985)("Failure to raise a meritless argument does not

23  constitute ineffective assistance.").  Both the Ninth Circuit and the Supreme Court of Nevada

24  have held that Nevada's habitual criminal sentencing statute does not violate *Apprendi* in not

25  submitting the habitual criminal adjudication for a jury determination.  *Tilcock v. Budge*, 538

26

27         [9]See April 26, 2007, Order of Affirmance (filed with #15), at 3 n.6.

28         [10]*Id.*, at 2-3.

1   F.3d 1138, 1143-45 (9th Cir. 2008); *O'Neill v. State*, 123 Nev. 9, 153 P.3d 38 (2007).

2   Petitioner accordingly cannot demonstrate cause and prejudice overcoming the default of

3   Ground 5.

4     Ground 5 accordingly is procedurally defaulted.

5     ***Lack of Merit of Ground 5***

6     Petitioner further has not responded to the directive that he show cause why Ground

7   5 should not be dismissed on the merits.  The Court accordingly concludes in the alternative,

8   on *de novo* review, that Ground 5 also is without merit.  *Tilcock, supra; O'Neill, supra.*

9     ***Remaining Matters***

10     In the motion to receive free copies and pauper application, petitioner at bottom is

11   seeking to obtain a copy of the docket sheet without charge.  Although petitioner paid the

12   initial filing fee, the pauper application establishes that he now is without funds.  The Court

13   will grant the pauper application prospectively with respect to the current request and any

14   further proceedings herein.  The Court will direct the Clerk to provide petitioner with a copy

15   of the docket sheet without charge along with this order, pursuant to 28 U.S.C. § 2250.

16     IT THEREFORE IS ORDERED that petitioner's motion (#37) to show cause is DENIED

17   and the petition shall be DISMISSED with prejudice as to all remaining claims, on the basis

18   that Grounds 1, 2, 3 and 5 are procedurally defaulted and, in the alternative as to Ground 5,

19   on the basis that Ground 5 is without merit.

20     IT FURTHER IS ORDERED that a certificate of appealability is DENIED.  Jurists of

21   reason would not find debatable or wrong the Court's rejection of the remaining claims

22   presented on the basis of procedural default as to Grounds 1, 2, 3 and 5 and in the alternative

23   on the merits as to Ground 5.  Petitioner may not rely upon alleged ineffective assistance of

24   state post-conviction counsel to excuse the procedural default of Grounds 1, 2 and 3; and his

25   reliance upon the miscarriage of justice exception is misplaced because he does not seek to

26   establish actual innocence.  See text, *supra*, at 4-5.  Petitioner cannot establish ineffective

27   assistance of appellate counsel to excuse the procedural default of Ground 5, because the

28   *Apprendi* claim presented therein is meritless under both Ninth Circuit and Nevada Supreme

1   Court precedent.  See text, *supra*, at 6-7.  Ground 5 in any event is without merit on *de novo*

2   review for the same reason.  See text, *supra*, at 7.

3        IT FURTHER IS ORDERED that petitioner's application (#40) to proceed *in forma*

4   *pauperis* is GRANTED prospectively only.

5        IT FURTHER IS ORDERED that petitioner's motion (#39) to receive free copies is

6   GRANTED to the extent and only to the extent that the Court directs the Clerk to provide

7   petitioner a copy of the docket sheet without charge along with this order.

8        IT FURTHER IS ORDERED that, pursuant to Rule 4 of the Rules Governing Section

9   2254 Cases, the Clerk additionally shall serve a copy of this order, the judgment, and the

10  petition (#13) upon respondents by effecting informal electronic service of same upon

11  Catherine Cortez Masto as per the Clerk's current practice.  **No response is required from**

12  **respondents, other than to respond to any orders of a reviewing court.**

13       The Clerk of Court shall enter final judgment accordingly against petitioner and in favor

14  of respondents, dismissing the petition with prejudice as untimely.

15       DATED this 14th day of April, 2011.

16

17

18  _____

19  Gloria M. Navarro
    United States District Judge

20

21

22

23

24

25

26

27

28